IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MERCEDES CERNA,

    Plaintiff,

v.   No. CIV 13-1077 JAP/GBW

LONESTAR DISTRIBUTION CORP.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On September 15, 2014, Defendant Lonestar Distribution Corp. (Lonestar) filed a MOTION TO DISMISS FOR PLAINTIFF'S ABUSE OF THE DISCOVERY PROCESS (Motion to Dismiss) (Doc. No. 49). Lonestar attempted to obtain Plaintiff's position regarding its Motion to Dismiss but Plaintiff, who is now pro se, failed to return Lonestar's calls and messages. *Id.* at 1. Plaintiff did not respond to the Motion to Dismiss, and the deadline for doing so has expired. This District's local rules provide that the "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). *See also* Lonestar's NOTICE OF COMPLETION OF BRIEFING (Doc. No. 50) (stating Plaintiff had failed to respond and did not seek an extension of time to respond).

In addition to Plaintiff's failure to file opposition to the Motion to Dismiss, Lonestar contends that Plaintiff's employment discrimination lawsuit should be dismissed as a sanction for Plaintiff's "failing to appear for her deposition and . . . lying about the reason for her failure to appear." Motion to Dismiss at 1. Lonestar seeks an award of fees and costs caused by

1

Plaintiff's failure to appear. *Id.* at 8. Based on Plaintiff's discovery violations and her apparent abandonment of the lawsuit, the Court will grant Lonestar's Motion to Dismiss.

## Background

In October 2011, Lonestar hired Plaintiff as an office assistant. In February 2013, Plaintiff left her employment based on allegations against Lonestar of sexual and racial discrimination, retaliation, and a hostile work environment. COMPLAINT FOR DAMAGES (Complaint) (Doc. No. 1). Plaintiff was represented by counsel when she filed this lawsuit, and continued to have counsel until late August 2014, when the Court allowed Plaintiff's counsel to withdraw. ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW (Aug. 22, 2014 Order) (Doc. No. 48).

On July 18, 2014, Plaintiff's attorney requested permission to withdraw as counsel because of "lack of communication and cooperation with the Plaintiff." MOTION TO WITHDRAW AS LEGAL COUNSEL [for Plaintiff] (Motion to Withdraw at ¶1) (Doc. No. 44). The Motion to Withdraw further stated that Plaintiff had failed to appear at her scheduled deposition on June 25, 2014 without notice to defense counsel or her own attorney. *Id.* at ¶ 3. According to the Motion to Withdraw, Plaintiff later told her attorney that her daughter was involved in an automobile accident on the morning of her scheduled deposition. However, when asked to produce a police report and hospital medical records concerning her daughter's accident, Plaintiff failed to provide any documentation to confirm the alleged accident. *Id.* at ¶¶ 4–7.

In response to defense counsel's demand for records corroborating Plaintiff's daughter's accident, Plaintiff's counsel told defense counsel that the lawsuit would be dismissed if Plaintiff did not produce the requested reports that might tend to excuse Plaintiff's non-appearance at the

deposition. *Id.* at ¶¶ 8, 9. Lonestar re-scheduled Plaintiff's deposition for July 17, 2014, provided that Plaintiff produce records pertaining to the accident. Even though Plaintiff did not supply police or medical records concerning her daughter's alleged motor vehicle accident, Plaintiff informed her attorney that she did not want her case dismissed. *Id.* at ¶ 11. Thus, Plaintiff's attorney asserted that a conflict existed sufficient to justify his withdrawal as Plaintiff's counsel. *Id.*

Before ruling on the request to withdraw, Magistrate Judge Gregory B. Wormuth issued an Order directing Plaintiff's counsel to comply with the requirements of Local Rule 83.8(a), including "notice of appointment of substitute counsel; or a statement of the client's intention to appear pro se and the client's address and telephone number." ORDER REGARDING PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW (Aug. 1, 2014 Order) (Doc. No. 47). Because it was unclear if the Motion to Withdraw was opposed, Judge Wormuth allowed Plaintiff and opposing counsel fourteen (14) days to file objections. No objections were filed, and the Magistrate Judge entered an Order granting the Motion to Withdraw. Aug. 22, 2014 Order. Judge Wormuth further advised that Plaintiff had seven days from the entry of the Aug. 22, 2014 Order to have new counsel file an entry of appearance. If there was no entry of appearance, Plaintiff would proceed pro se. Aug. 1, 2014 Order at 2; Aug. 22, 2014 Order at 1. The Court's Aug. 22, 2014 Order was mailed to Plaintiff's address on file in Hobbs, New Mexico. *Id.* at 2. To date, no attorney has filed an entry of appearance on behalf of Plaintiff. Thus, Plaintiff proceeds pro se.

Lonestar's Motion to Dismiss asserts: (1) defense counsel consulted with Plaintiff's attorney to ensure Plaintiff's availability for the June 25, 2014 deposition in Hobbs, New Mexico; (2) defense counsel prepared for and traveled to Hobbs in anticipation of Plaintiff's

deposition; and (3) Plaintiff failed to appear for deposition on June 25, 2014, without notifying defense counsel. Only later did Plaintiff inform her attorney that her daughter was involved in an automobile accident the morning of her deposition and that her daughter was at Lea Regional Hospital.  Motion to Dismiss at 2.

Defense counsel independently investigated Plaintiff's daughter's alleged accident by writing to and contacting the Hobbs Police Department about records from the June 25, 2014 accident. The Hobbs Police Department found no responsive documents or records. *Id.* at 2–3; Decl. of Marie Muniz at ¶¶ 2, 3, 4; Exhibits 3, 4. Defense counsel's paralegal was also informed that "Dispatch" had been checked but that no record was found of an accident involving Plaintiff's daughter on June 25, 2014.

Although there is a trial setting of January 5, 2015, no activity has occurred in this case since the filing of Lonestar's September 15, 2014 Motion to Dismiss. Moreover, there is no indication in the electronic docket that Plaintiff, acting pro se since August 22, 2014, has engaged in any discovery or taken other steps to move this case forward. The settlement conference set for August 22, 2014, was vacated. September 15, 2014 was the close of discovery.

## Legal Standard

Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A dismissal under Rule 41(b), except for lack of jurisdiction, improper venue, or failure to join a party, "operates as an adjudication on the merits," and thus, a dismissal with prejudice. *Id.*; *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161–62 (10th Cir. 2007). The Tenth Circuit Court of Appeals has consistently interpreted Rule 41(b) "to permit courts to dismiss

actions sua sponte for a plaintiff's failure to prosecute." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

In addition, Rule 37(b)(2) states that a party who fails to obey an order to provide or permit discovery may be sanctioned, including dismissal of the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(v). *See also* Fed. R. Civ. P. 37(d)(1)(A)(i) (allowing sanctions if a party fails, after being served with proper notice, to appear for a deposition).

Before dismissing a lawsuit for discovery violations or for failure to prosecute, the district court ordinarily considers what are known as the *Ehrenhaus* factors or criteria. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *Nasious*, 492 F.3d at 1162, 1163. The non-exhaustive *Ehrenhaus* factors include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (citations and internal quotation marks omitted).

In *Ehrenhaus* the Tenth Circuit Court of Appeals expressly stated that these five factors "do not represent a rigid test" that a district court must always apply. *Id.* "The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always remain a discretionary function." *Lee v. Max Intern., LLC,* 638 F.3d 1318, 1323 (10th Cir. 2011). However, because of the harshness of a dismissal, due process requires that the "violations be predicated upon willfulness, bad faith, or [some] fault of petitioner rather than inability to comply." *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (citations omitted).

The Court liberally construes a pro se plaintiff's filings and arguments. *See, e.g., Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1302 n. 1 (10th Cir. 2011). However, Plaintiff has not submitted any arguments or filings while acting in a pro se capacity. Thus, the Court has little to go on except for Lonestar's Motion to Dismiss and Plaintiff's counsel's representations in the Motion to Withdraw.

## Discussion

### A. Dismissal for Discovery Violations and Failure to Prosecute

The Court will address the *Ehrenhaus* factors in deciding whether to dismiss Plaintiff's lawsuit based on discovery violations and Plaintiff's failure to prosecute.

#### 1. Actual Prejudice to Lonestar

Lonestar scheduled Plaintiff's deposition on June 25, 2014, after conferring with Plaintiff's attorney about Plaintiff's availability on that date. Defense counsel prepared for and traveled to Hobbs, New Mexico for the deposition, but Plaintiff failed to appear and did not notify her attorney or defense counsel that she would not be in attendance. Thus, Lonestar was prejudiced by Plaintiff's non-attendance, both in terms of attorney's fees and travel expenses related to the deposition and because Lonestar was unable to take Plaintiff's deposition before the September 15, 2014 discovery deadline passed.

Lonestar also suffered prejudice by having to expend time and resources to check into Plaintiff's excuse for her nonappearance. Because Plaintiff failed to come forward with any police reports or hospital records to corroborate her daughter's accident, Lonestar was forced to independently investigate an accident that apparently did not happen. This resulted in Lonestar having to contact the Hobbs Police Department several times, to correspond with Plaintiff's

counsel regarding how to obtain the requested information, and to file the present Motion to Dismiss.

Similarly, Lonestar was prejudiced by Plaintiff's unsubstantiated explanation for her failure to appear at the scheduled deposition. *See Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1179-1180 (10th Cir. 2009) ("The submission of falsified evidence[1] substantially prejudices an opposing party by casting doubt on the veracity of all of the culpable party's submissions throughout litigation."). False representations force a party to expend additional expense and effort to "ferret out [the] plaintiff's lies and to double check every piece of information." *Id.* at 1179.

The Court finds substantial prejudice to Lonestar.

2.      Interference with Judicial Process

Plaintiff's failure to appear for her deposition as scheduled and failure to corroborate any excuse for her nonappearance have delayed this proceeding. The discovery deadline has passed without Plaintiff having been deposed, notwithstanding Lonestar's attempts to depose Plaintiff. The settlement conference was vacated due to Plaintiff's nonappearance at her deposition. *See* July 21, 2014 Status Conference Minutes (Doc. No. 46).  Plaintiff's inaction has stalled this litigation.

In addition, Plaintiff's apparent false representations as to why she did not appear for the June 25, 2014 deposition tend to undermine the truth seeking function of the judicial process. *See Rodriguez v. Presbyterian Healthcare Servs.*, No. CIV 11-238 at 25 (D.N.M. Apr. 30, 2012)

---

[1] Plaintiff did not submit evidence in the form of sworn affidavit testimony regarding her nonappearance. But, according to her attorney, who is an officer of the Court, Plaintiff provided an explanation for her nonappearance that was never corroborated. Thus, Lonestar had no choice but to independently investigate Plaintiff's explanation for her nonappearance. Moreover, Plaintiff's failure to explain her nonappearance at the deposition essentially brought this lawsuit to a halt, *e.g.,* Plaintiff's attorney moved to withdraw, discovery was not completed by the deadline, and the Magistrate Judge vacated the settlement conference.

(Doc. No. 65), *adopted by* No. CIV 11-238 at 7 (D.N.M. Aug. 22, 2012) (Doc. No. 71) (noting that there is no greater interference with the judicial process than false testimony and the willful failure to disclose information), *aff'd* 515 F. App'x 761 (10th Cir. May 22, 2013) (unpublished).

The Court finds that Plaintiff's failure to appear for her deposition, without notice or legitimate excuse, has significantly interfered with and delayed the judicial process.

3. Culpability of the Litigant

There is no question that Plaintiff, not her previous attorney, has stalled this proceeding. Plaintiff was given proper notice of her deposition and yet neglected to appear and failed to notify counsel of her nonappearance. She has provided no legitimate excuse for her failure to appear even after being given an opportunity to come forward with police reports and medical records to corroborate her daughter's accident on the day of Plaintiff's deposition.

The Court finds that Plaintiff is highly culpable.

4. Advance Warning of Dismissal

There was no opportunity for the Court to provide advance warning to Plaintiff that the above-described discovery violations and her failure to prosecute could result in a dismissal of the proceeding with prejudice. It appears from Plaintiff's attorney's Motion to Withdraw that counsel warned his client of the possible dismissal of this proceeding if Plaintiff did not produce requested police reports and medical records to corroborate her daughter's accident. *See* Motion to Withdraw at ¶¶ 9-11.

Moreover, Lonestar's Motion to Dismiss for discovery violations was mailed to Plaintiff's address on file. Plaintiff filed no opposition to the Motion to Dismiss, nor did she request an extension to respond to the Motion to Dismiss.

Although the Court did not explicitly forewarn Plaintiff that her lawsuit could be dismissed with prejudice for discovery violations and failure to prosecute, the Tenth Circuit Court of Appeals has held that advance warning is not always a prerequisite to the imposition of dismissal sanctions. *See, e.g., Archibeque*, 70 F.3d at 1175 (upholding dismissal even though no warning given).

5. Efficacy of Lesser Sanctions

There are no lesser sanctions that would effectively correct Plaintiff's discovery violations or her failure to participate in this proceeding. She failed to appear at her deposition, did not produce records that were requested, did not complete discovery by the deadline for doing so, and did not respond to the Motion to Dismiss. Under these circumstances, dismissal of the lawsuit with prejudice is the only sanction that will satisfy the interests of justice. *See Ehrenhaus,* 965 F.2d at 916 ("It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice.").

In sum, at least four of the five *Ehrenhaus* factors support dismissal with prejudice of this proceeding. At this point, the Court has no confidence that Plaintiff intends to pursue her lawsuit.

**B.     Lonestar's Request for Fees and Costs**

Lonestar asks that, in addition to dismissal of this lawsuit, the Court award fees and costs against Plaintiff in the approximate sum of $4,000. Notwithstanding Plaintiff's discovery infractions and failure to prosecute, the Court declines to award fees and costs.

IT IS ORDERED that (1) Defendant Lonestar Distribution Corp.'s MOTION TO DISMISS FOR PLAINTIFF'S ABUSE OF THE DISCOVERY PROCESS (Doc. No. 49) is

GRANTED, with the result that Plaintiff's COMPLAINT will be DISMISSED WITH PREJUDICE, and (2) Lonestar's request for fees and costs is denied.

                                                                                    _____
                                                                                    SENIOR UNITED STATES DISTRICT JUDGE